IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 17-cv-02430-MSK-MJW

915 LABS, LLC,

    Plaintiff,

v.

KEVIN PETERSEN,

    Defendant/Third Party Plaintiff,

v.

MICHAEL DE CARO,

    Third Party Defendant.

---

**OPINION AND ORDER GRANTING MOTION TO DISMISS AND MOTION TO INTERVENE**

---

**THIS MATTER** comes before the Court pursuant to Microwerk, LLC's Motion to Intervene **(# 28)**, to which no party has responded; and Third Party Defendant Michael De Caro's Motion to Dismiss **(# 29)** the claims against him, Third Party Plaintiff Keven Petersen's response **(# 35)**, and Mr. De Caro's reply **(# 37)**.

## FACTS

As relevant here, according to Mr. Petersen's Third-Party Complaint **(# 27)**, Mr. Petersen was previously involved with the Plaintiff 915 Labs, LLC ("915"), a business engaged in the use of microwave technology to pasteurize and sterilize prepared foods. Mr. Petersen eventually grew dissatisfied with the direction that 915 was taking. In late 2016, Mr. Petersen made contact with Mr. De Caro, a contractor performing sales work for 915, and the two men executed a

1

mutual non-disclosure agreement in furtherance of discussions about forming a new, competing business called Modern Advantage Technology, LLC ("MAT"). As part of those discussions, Mr. De Caro created a shared file on his computer, containing "marketing materials" that Mr. De Caro had used as part of his work with 915. Mr. Petersen and Mr. De Caro jointly formed MAT in mid-2017, and Mr. De Caro was tasked with assembling its information technology infrastructure, such as web domains and e-mail servers. Disagreements between the two men quickly ensued and Mr. De Caro exited MAT in acrimonious circumstances. As part of his departure, Mr. De Caro "seized control" of MAT's web domain and e-mail infrastructure, and refused to return it. Moreover, Mr. De Caro, in an effort to sabotage Mr. Petersen and MAT, reached out to 915 and "provided false information" to it, accusing Mr. Petersen of misusing 915's confidential information. (This prompted 915 to bring the primary claims in this action, alleging that Mr. Petersen misappropriated 915's trade secrets and breached various contractual agreements he had with 915.) Mr. Petersen contends that, to the extent that 915's confidential information was improperly disclosed, it was disclosed by Mr. De Caro, not by himself.

Based on these facts, as to Mr. De Caro, Mr. Petersen asserts a single third-party claim for conversion under an unspecified jurisdiction's common law, arguing that Mr. De Caro "exercised ownership over Mr. Petersen's and [MAT's] domain, email servers, and email accounts" with the intent of depriving them of the use of these items.

Mr. De Caro now moves to dismiss **(# 29)** Mr. Petersen's claim against him for lack of personal jurisdiction. Mr. De Caro notes that he is a citizen of the State of Washington and has no particular contacts with the State of Colorado.

Separately, MAT (also known as Microwerk) moves to intervene **(# 28)** in order to assert its own third-party claims against Mr. De Caro and 915. Specifically, it contends that Mr. De

Caro misappropriated MAT's own trade secret information and conveyed it to 915, who, in turn, improperly used the information to interfere with MAT's contracts and prospective relations with MAT's own partners and customers. No party has opposed MAT's request to intervene.

## ANALYSIS

### A. Personal jurisdiction over Mr. De Caro

1. Personal jurisdiction

The party asserting claims against a defendant bears the burden of proving that the Court has personal jurisdiction over that defendant. *AST Sports Science, Inc. v. CLF Distribution Ltd*., 514 F.3d 1054, 1056 (10th Cir.2008). At the preliminary stages of a lawsuit, the Court may elect to conclusively resolve issues of personal jurisdiction by conducting an evidentiary hearing on the matter; alternatively, it my defer full consideration of the jurisdictional question until later in the case, and require only a *prima facie* showing, via affidavit or other evidence, of facts that, if true, would support the exercise of personal jurisdiction over the defendant. At this stage, the Court resolves any factual disputes in the light most favorable to the plaintiff. *Id*.

Due to Colorado's expansive Long-Arm Statute, the jurisdictional inquiry has only two prongs: (i) an evaluation of whether the defendant has sufficient "minimum contacts" with the forum state, such that he "should reasonably anticipate being haled into court there"; and (ii) whether the exercise of personal jurisdiction over the defendant would offend traditional notions of fair play and substantial justice. *Id.*, citing *World –Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980) *and Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987). The "minimum contacts" inquiry, in turn, also has two strands: "general" and "specific" jurisdiction. The Supreme Court has recently clarified and narrowed the minimum contacts inquiry: "general" personal jurisdiction exists only in the state of an individual's domicile.

*Bristol-Meyers Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1779-80 (2017). Otherwise, the Court considers whether it has "specific" jurisdiction over the defendant by examining the nature and extent of the defendant's contacts with the forum jurisdiction, but the Court considers only those contacts that arise out of or relate to the claims asserted against the defendant. *Id.*

The Court reflexively rejects Mr. Petersen's argument that Mr. De Caro is subject to general jurisdiction in Colorado; it is undisputed that Mr. De Caro is domiciled in Washington.

Thus, the only question for the Court is whether Mr. De Caro's contacts with Colorado, <u>as those contacts relate to Mr. Petersen's conversion claim</u>, are significant. To perform that inquiry, the Court first delineates the contours of Mr. Petersen's claim for conversion, the only claim Mr. Petersen asserts against him.[1]

The parties do not specify which state supplies the substantive law for the claim, and for purposes of this Order, the Court will assume that Colorado law controls.[2] Under Colorado law, the common-law tort of conversion consists of: (i) the defendant exercising dominion or control; (ii) over the property of another; (iii) without the owner's authorization. *Itin v. Ungar*, 17 P.3d 129, 135 n. 10 (Colo. 2000). Factually, the conversion claim arises from the allegations that: (i) "Mr. De Caro seized control of the domain, emails servers, and email accounts used by Mr. Petersen and [MAT] and locked them out," *Docket # 27*, ¶ 49, and that he "has refused to relinquish control of the domain, email servers, and email accounts to Mr. Petersen and [MAT]

---

[1] *C.f.* Mr. Petersen's response brief, which suggests that "Petersen has impleaded De Caro claiming that De Caro obtained information from 915 Labs . . ., which De Caro disclosed to [a competitor]." *Docket # 35* at 10. Although this assertion is the basis for Mr. Petersen's defense to 915's claims against him ("I didn't misappropriate 915's information, Mr. De Caro did"), Mr. Petersen's third-party complaint

[2] Washington state law could govern the claim. Under Washington law, conversion is: (i) the unjustified, (ii) willful (iii) interference with a chattel, (iv) which deprives the owner of possession. *Potter v. Washington State Patrol*, 196 P.3d 691, 696 (Wa. 2008). The slight difference in elements does not materially affect the analysis herein.

despite multiple requests," ¶ 51; *see also* ¶ 79-83. Although Mr. Petersen's Complaint goes on to assert that Mr. De Caro has made use of the converted domain and e-mail servers "to his benefit and in connection with the business of 915," Mr. De Caro's subsequent use of the converted property is not an act that is relevant to the tort of conversion or its remedy. *See e.g. Glenn Arms Assocs. v. Century Mortg. & Inv. Corp.*, 680 P.2d 1315, 1317 (Colo.App. 1984) (remedy for conversion is value of the converted property at the time and place of the misappropriation); *Saddle Mountain Minerals, LLC v. Joshi*, 95 P.3d 1236, 1239 (Wa. 2004) (same).

Thus, the Court turns to Mr. Petersen's affidavits and other evidence to determine whether, and to what extent, Mr. De Caro's actions to taking control of MAT's domain and e-mail servers occurred in Colorado. The Court finds no evidence that suggests as much. Neither Mr. Petersen's affidavits, nor his response cites to or discuss the circumstances of Mr. De Caro's seizure of these items. (Mr. De Caro's own affidavit asserts, without contradiction, that "all of the domains, servers, and e-mails related to Petersen's conversion claim against me are maintained and stored outside of Colorado." The injury caused by the conversion was felt by the rightful owners of the converted property – Mr. Petersen and MAT – at their residence in the state of Washington, not Colorado. Accordingly, Mr. Petersen has not come forward with evidence demonstrating that Mr. De Caro had any contacts with Colorado that relate to the conversion claim, and thus, this Court lacks personal jurisdiction over Mr. De Caro for purposes of that claim.

      2. Pendent jurisdiction

Mr. Petersen argues that, even if the Court lacks traditional personal jurisdiction over Mr. De Caro, it can nevertheless assert "pendent personal jurisdiction" over him. *Citing U.S. v.*

*Botefuhr*, 309 F.3d 1263, 1272 (10th Cir. 2002). As *Botefhur* explains, "pendent personal jurisdction. . . exists when a court possesses personal jurisdiction over a defendant for one claim, lacks an independent basis for personal jurisdiction over the defendant for another claim that arises out of the same nucleus of operative fact, and then, because it possesses personal jurisdiction over the first claim, asserts personal jurisdiction over the second claim." By its terms, this doctrine cannot apply here: Mr. De Caro is named only as a defendant on one claim in this action – Mr. Petersen's conversion claim – and the Court has already determined that it lacks personal jurisdiction over Mr. De Caro on that claim. Thus, there is no existing personal jurisdiction over Mr. De Caro that Mr. Petersen can "piggyback" on. Accordingly, the Court rejects Mr. Petersen's argument that pendent personal jurisdiction applies here.

### 3. Attorney fees

Because Mr. Petersen's third-party complaint against Mr. De Caro must be dismissed for lack of personal jurisdiction, Mr. De Caro requests an award of attorney fees pursuant to C.R.S. § 13-17-201. That statute provides that when an action is brought against a defendant in tort, and is dismissed on Rule 12 grounds, the defendant is entitled to an award of the reasonable fees he incurred in defending the action. As Mr. De Caro notes, the statute applies to state law claims brought in federal court under diversity jurisdiction. *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000).

By all appearances, Mr. De Caro is entitled to relief under this statute. Mr. Petersen's response brief does not address Mr. De Caro's request for fees, and in the absence of opposition, the Court grants Mr. De Caro's motion. Mr. De Caro may file a motion for attorney fees within 14 days of this Order.

### B. MAT's Motion to Intervene

MAT moves to file a third-party complaint of its own, naming Mr. De Caro and 915 as Defendants, alleging that they misappropriated MAT's trade secrets. No party has objected to MAT's request, and the Court therefore grants it.[3] MAT shall file its third-party complaint within 7 days of this Order, and shall effect service on the third-party defendants under Fed. R. Civ. P. 4 within 28 days of this Order.

### CONCLUSION

For the foregoing reasons, Mircowerk/MAT's Motion to Intervene **(# 28)** is **GRANTED**. Mr. De Caro's Motion to Dismiss **(# 29)** is **GRANTED**, and the claim in Mr. Petersen's Third-Party Complaint as to Mr. De Caro is **DISMISSED** for lack of personal jurisdiction.

Dated this 19th day of May, 2018.

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
Chief United States District Judge

---

[3] The Court offers no opinion as to whether MAT's tendered complaint states cognizable claims under Fed. R. Civ. P. 12(b)(6), or whether it appropriately invokes personal jurisdiction under Fed. R. Civ. P. 12(b)(2). At a minimum, however, the Court observes that, unlike Mr. Petersen's complaint, MAT's tendered complaint alleges a claim of misappropriation of trade secrets against Mr. De Caro, in addition to the jurisdictionally-defective conversion claim.